## HEARD & Co. vs. LOWRY.

All pleas in abatement must be verified by affidavit, unless the truth of the plea appears of record.

In attachments, the sum sworn to, being different and smaller than that stated in the declaration is not material—the sum sworn to will be taken as the true sum due.

There can be no exceptions to the affidavit in suits by attachment, until plea filed, and should the plea be a nullity, the exceptions would fall.

Requisites of affidavit in attachment indicated.

THIS was an action of debt determined in the Crawford circuit court, in October, 1843, before the Hon. RICHARD C. S. BROWN, one of the circuit judges. *Heard & Co.* sued *Lowry* on a bond for $557 83, by declaration in due form, filed July 29, 1843; on the same day, they filed the affidavit of Heard, one of the plaintiffs, stating that Lowry was justly indebted to the firm of *Joseph H. Heard & Co.*, in the sum of $516 08, which sum was then due, and that Lowry was, as he believed, about to remove himself from the State; and that, unless an attachment should be issued, there was reason to believe the debt would be lost or greatly delayed. Bond for attachment was also filed in due form, stating that plaintiffs were about to institute an action of debt for $516 08.

The writ of attachment was executed on the 31st of July, by reading to Lowry and by attaching certain land and merchandize. Lowry, on the 19th of August, executed bond to the plaintiffs in the penalty of $1,200, reciting the issuance and service of the writ, and conditioned that he should appear to and answer the demand of plaintiffs at the proper time and place, and pay and abide the judgment of the court, or his security would do it for him. At the return term he pleaded in abatement that the plaintiffs did not file a declaration, petition or statement, containing a true statement of the nature of

Heard & Co., *vs.* Lowry.

their demand, and on the same day he filed exceptions to the affidavit, and moved to *quash* it, on the ground that it did not disclose facts entitling the plaintiffs to a writ of attachment. The plaintiffs moved to strike the plea of abatement and exceptions from the files, on the grounds that they could not be interposed after special bail given, and that the plea was not sworn to. Motion overruled—plea in abatement and exceptions sustained, and judgment that the writ abate, and for costs. The plaintiffs brought error.

*Pike & Baldwin,* for plaintiffs. The main question is, whether the defendant could plead in abatement, or except to the affidavit, or, in other words, was his entering into special bail and releasing the property attached, such an appearance as reduced the writ to a mere summons, and rendered any question as to the affidavit immaterial.

Upon giving his bond "to appear and answer the demand," the attachment was released, and the suit to proceed "as other suits at law." *R. S. Chap. XIII., secs.* 13 *and* 14.

After bail bond forfeited, a defendant cannot plead in abatement. *Anon.* 2 *Salk.* 579.

Plea in abatement is not allowed after a general imparlance. *Curwen vs. Fletcher,* 1 *Str.* 523. 1 *Salk.* 1. *Anon.* 11 *Mod.* 2. 1 *Mod.* 14. *Yelv.* 112. *Granwell vs. Sibley,* 2 *Lev.* 190. Nor after a full defence. 2 *Saund.* 209, *b. Britton vs. Grandon,* 1 *Ld. Raym.* 117. *Clark vs. Butler,* 12 *Mod.* 235. *Alexander as. Mawman,* *Willes* 40.

The writ, after special bail put in, was reduced to a mere summons. Clearly the matter alleged in abatement could not be pleaded to it as a summons.

Again, an affidavit was necessary. Where the plea is that the writ was never returned, an affidavit is necessary. *Sherman vs. Alvarez,* 1 *Str.* 639. 2 *Ld. Raym.* 1409.

The affidavit and bond were not matters of record, and the plea being obviously based on ground necessarily to be established by the affidavit, it should have been sworn to. And if not necessary to be sworn to, because its truth or falsity was to be ascertained by mere inspection of the declaration, then it being manifestly a sham and frivolous plea, it was proper to strike it out.

*Oldham & Roane,* contra.

*By the Court,* SEBASTIAN, J. It is clear from a review of the statutes regulating the manner of bringing attachments, that the circuit court erred in overruling the motion of the plaintiff to strike out the defendant's plea in abatement of the writ. *Sec.* 1, *Rev. Stat. p.* 1, requires all pleas in abatement to be verified by affidavit of the defendant or some person for him, unless the truth of such plea appears of record. By inspection of the record the proceedings appear to be regular, and that a statement of plaintiff's demand set out in his declaration was filed in the clerk's office on the same day the writ issued. The record wholly fails to support the plea, unless the variance between the sum stated in the declaration and that sworn to by plaintiff in his affidavit, is intended to be reached by the plea. This difference, however, in the two sums, is unimportant, as tha tstated in the affidavit, which is the lesser sum, must be taken to be the real amount due, and the 2d *sec., chap.* 13, *Rev. Stat.,* requires not the true sum but the nature of the demand to be set forth in the declaration. The statute is therefore in this particular strictly pursued, and the plea should, for want of an affidavit of its truth, have been stricken out.

The consequence of treating the plea as a nullity would be that the exceptions to the affidavit should have been stricken out also. The 29th section of the same act provides also that "if the defendant shall appear and plead to the plaintiffs' action," &c., and shall except to the affidavit upon which the attachment was issued, and the court shall sustain such exceptions, the common appearance of the defendant shall be accepted, the attachment dissolved, &c., "and the suit proceed as other suits at law." Under this statute, in order to file exceptions to the affidavit, the defendant must first "plead to the action." By this we do not understand the statute to mean a plea in bar of the action, which would waive all defences prior to this in the order of pleading; but a plea, which may be treated as a nullity, certainly does not satisfy the requisitions of the statute or authorize the party to except to the plaintiff's affidavit. Moreover, the affidavit was in substantial compliance with the statute. It stated the sum due; and that the defendant, *as he believed,* was about removing beyond the

State. Had the plaintiff stated it positively, as the statute seems to require, it would have been only a matter of belief, the result of a strong moral conviction, from circumstances tending to prove that intention. For these reasons it is clear that the motion to strike out the plea and exceptions ought to have been sustained.

The judgment must be reversed, and the circuit court required to strike out said plea and exceptions, and proceed, &c.